IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY J. YOX, an individual,

        Plaintiff,

    v.

PROVIDENCE HEALTH PLAN,
an Oregon non-profit corporation,

        Defendant.

No. 3:12-cv-01348-HZ

OPINION & ORDER

John C. Shaw
Megan E. Glor
MEGAN E. GLOR, ATTORNEYS AT LAW, PC
621 SW Morrison, Suite 900
Portland, OR 97205

    Attorneys for Plaintiff

///

1 - OPINION & ORDER

Arden J. Olson
Aaron T. Bals
HARRANG LONG GARY RUDNICK PC
360 East 10th Ave., Suite 300
Eugene, OR 97401-3273

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Kelly J. Yox seeks unpaid health benefits from Defendant Providence Health Plans. Plaintiff is insured by a health plan that is administered by Defendant. In March 2011, Plaintiff had a seizure, which caused her to fall and suffer facial trauma. Defendant denied coverage of services, including teeth extractions, bone grafts, and dentures. After the final denial of coverage by Defendant, Plaintiff elected review by an Independent Review Organization ("IRO") under the terms of Defendant's policy. The IRO reviewer affirmed Defendant's denial of coverage. Plaintiff sued in this court to seek judicial review of the denial of coverage. Defendant moves for summary judgment on Plaintiff's claim for coverage, arguing that Plaintiff is precluded from seeking judicial review because the IRO review was an arbitration. I deny the motion.

BACKGROUND

  Plaintiff belonged to a health plan administered and insured by Defendant and sponsored by Harrison Electrical Workers Trust. Compl. ¶¶ 5-7; Am. Answer ¶ 1. The plan is governed by the Employee Retirement Income Security Act (ERISA). Compl. ¶ 6; Am. Answer ¶ 1. The plan "covers dental services that are the result of trauma caused by an accident." Decl. John C. Shaw in Supp. P.'s Resp. D's Mot. Summ. J. ("Shaw Decl."), Ex. C.

  On March 5, 2011, Plaintiff had a seizure, which caused her to fall. Compl. ¶ 9; Am. Answer ¶ 5. She suffered facial trauma, including a fractured jaw. Compl. ¶ 9; Am. Answer ¶ 5.

2 - OPINION & ORDER

In October 2011, Defendant denied Dr. Mohammed Saleh's request for coverage of services that included extraction of teeth, bone grafts, endosseous implants, custom implant abutments, and fixed partial dentures. Compl. ¶ 14; Am. Answer ¶ 1. Plaintiff appealed the denial of Dr. Saleh's request for authorization, but the denial was upheld. Compl. ¶¶ 15-16; Am. Answer ¶¶ 8-9. Approximately one week later, Plaintiff requested a second level appeal. Compl. ¶ 17; Am. Answer ¶ 1. Defendant upheld its previous denials of her claim, with the exception of authorizing coverage for tooth #28. Compl. ¶ 18; Am. Answer ¶ 10.

With the first denial letter, Defendant included a document entitled, "Grievance and Appeal Rights for Members of Oregon-Based Commercial Groups" ("Grievance Rights document"). Am. Answer ¶ 14; Am. Answer, Ex. 1. The document stated that Plaintiff could "request an external review by an Independent Review Organization" if she was not satisfied with the decision following appeals. *Id.* at 2. If Plaintiff requested an external review by the IRO, Defendant agreed to pay all costs associated with the process. *Id.*

Plaintiff sought review from an IRO. Am. Answer ¶ 14; Am. Answer, Ex. 3. The IRO reviewer, a doctor of dental surgery, reviewed Plaintiff's medical record. Am. Answer, Ex. 4 at 1. The IRO reviewer had access to a number of documents including the "Providence Health Plan Benefit Summary" and a "Schedule of Covered Services and Co-payments." *Id.* at 1-2. The IRO reviewer's findings and conclusion supported Defendant's denial of coverage. *Id.* at 1.

Plaintiff brought this action to recover unpaid health benefits under ERISA, 29 U.S.C. section 1132(a)(1)(B), plus costs and attorney fees. Compl. ¶ 1.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The

3 - OPINION & ORDER

moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex*, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The parties dispute whether the IRO review was an arbitration. In its motion for summary judgment, Defendant argues that the IRO review was an arbitration and that under the Federal Arbitration Act ("FAA"), Plaintiff cannot seek review of Defendant's denial of coverage in this court. The FAA governs any written provision in "a contract evidencing a transaction involving

commerce to settle by arbitration a controversy [] arising out of such contract." 9 U.S.C. § 2. The FAA does not define "arbitration." The Ninth Circuit held that state law controls in determining what constitutes an arbitration. *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat. Ass'n*, 218 F.3d 1085, 1089 (9th Cir. 2000) (citing *Wasyl, Inc. v. First Bos. Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987)). Additionally, the health plan at issue states that Oregon law governs the plan document to the extent it is not preempted by ERISA. Thus, Oregon law controls in determining whether the IRO review constituted an arbitration. Oregon defines "arbitration" as "any arbitration whether or not administered by a permanent arbitral institution." Or. Rev. Stat. § 36.110(1). The issue is whether Oregon's IRO process is an arbitration.

Oregon Revised Statute section 743.862 details the duties that an IRO must perform. The IRO must determine whether the dispute pertains to an adverse benefit determination and notify the claimant and insurer of the decision. Or. Rev. Stat. § 743.862(1)(a). If the decision is against the claimant, the IRO must notify the claimant of the right to file a complaint with or seek assistance from the Department of Consumer and Business Services. *Id.* An IRO must also appoint reviewers and inform the claimant of the information required, as well as inform the insurer of additional information that may need to be submitted. *Id.* § (1)(b)-(d). The IRO must then issue the decision. *Id.* § (1)(e).

The IRO decision is based on "expert medical judgment after consideration of the enrollee's medical record, the recommendations of each of the enrollee's providers, relevant medical, scientific and cost-effectiveness evidence and standards of medical practice." *Id.* § (2). While the IRO makes its decision based on the coverage provided by the health benefit plan, the IRO may override the insurer's standards if the IRO determines the insurer's standards are "unreasonable" or "inconsistent with sound medical practice." *Id.*

The U.S. Supreme Court has held that an IRO mandated by Illinois state law was not an arbitration. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 382-83 (2002). The IRO reviewer in *Rush* received evidence including medical records and statements from physicians. *Id.* at 382-83. Additionally, the IRO reviewer construed related plan terms in coming to a determination. *Id.* at 382. However, the IRO reviewer "did not hold the kind of conventional evidentiary hearing common in arbitration, but simply received medical records submitted by the parties, and ultimately came to a professional judgment of his own." *Id.* at 383. The IRO reviewer did not have "a free-ranging power to construe contract terms, but instead, confine[d] review to a single term." *Id.*

The Court reasoned that the IRO review was unlike an arbitration because "[a]rbitrators typically hold hearings at which parties may submit evidence and conduct cross-examinations." *Id.* at 382. Additionally, arbitrators often have "the power to subpoena witnesses and administer oaths." *Id.* The independent review was "*significantly different* from common arbitration." *Id.* (emphasis added). The Court concludes that the IRO review process in *Rush* did "not resemble either contract interpretation or evidentiary litigation before a neutral arbiter, as much as it look[ed] like a practice (having nothing to do with arbitration) of obtaining *another medical opinion*." *Id.* at 383 (emphasis added). Similarly, in *Larson v. Providence Health Plans*, Judge Jones concluded that an IRO review process, similar to the one here and arising under the same Oregon Revised Statute section, was a "second medical opinion" and not an arbitration. Civ. 08-929-JO, 2009 WL 562815, at *4 (D. Or. Mar. 2, 2009).

The IRO review in *Rush* and the one here are similar. Like *Rush*, Defendant's IRO reviewer in this case lacked the ability to hold hearings, conduct cross-examination, and subpoena witnesses. Also, similarly to *Rush*, the IRO reviewer did not consider legal claims,

such as whether the terms of the plan were in compliance with Oregon insurance law and whether Defendant fulfilled ERISA's statutory and regulatory requirements. Defendant argues that the IRO reviewer in Plaintiff's case was different than the one in *Rush*, because the IRO reviewer in *Rush* did not have the power to override plan terms. An Oregon IRO's ability to override term plans is limited to whether the insurer's standards are reasonable and does not rise to the court's ability to review.

Plaintiff's IRO review lacked many of the elements of an arbitration. The IRO process provided to Plaintiff is indistinguishable from the IRO review in *Rush* and *Larson*. Defendant argues that in *Valenti v. Hopkins*, the Oregon Supreme Court ruled that an agreement to have a neutral third party resolve a dispute is an arbitration. 324 Or. 324, 926 P.2d 813, 817-18 (1996). However, the court's holding was limited to deciding the standard of review. *Id.* at 813-14. The court did not decide what constitutes an arbitration. Plaintiff is not precluded from bringing her claim in court, because the IRO review was not an arbitration.

Plaintiff raises several other arguments in opposition to Defendant's motion. These arguments are based on the assumption that the IRO was an arbitration. Because I have found otherwise, I need not address these arguments.

I deny Defendant's motion for summary judgment.

///

///

///

CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment [#10] is denied.

IT IS SO ORDERED.

Dated this \_\_\_8\_\_\_ day of \_\_March\_\_, 2013.

_____
MARCO HERNANDEZ
United States District Judge

8 - OPINION & ORDER