IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY J. YOX, an individual,

               Plaintiff,

   v.

PROVIDENCE HEALTH PLAN,
an Oregon non-profit corporation,

               Defendant.

No. 3:12-cv-01348-HZ

OPINION & ORDER

John C. Shaw
Megan E. Glor
Megan E. Glor Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205

       Attorneys for Plaintiff

Arden J. Olson
Aaron T. Bals
Harrang Long Gary Rudnick, PC
360 East 10th Ave, Suite 300
Eugene, OR 97401-3273

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Kelly J. Yox brought this ERISA action against Defendant Providence Health Plan to challenge the denial of her medical claim for dental treatment. Defendant moved for partial summary judgment on whether a prior review was an arbitration, and thus Plaintiff was barred from seeking judicial review. I denied Defendant's motion for partial summary judgment. The parties then cross-moved for summary judgment. I granted Plaintiff's motion and denied Defendant's motion because I found Defendant's denial of the medical claim was an abuse of discretion.

Plaintiff now moves for attorney's fees and costs [78] in the amounts of $124,045 in fees and $414.76 in costs. For the reasons explained below, I grant the motion in part and deny the motion in part. Plaintiff is awarded $78,440 in attorney's fees and $414.76 in costs.

DISCUSSION

I.    Motion for Attorney's Fees

A.    Entitlement to Attorney's Fees

In an ERISA action to recover unpaid disability benefits, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). According to the Ninth Circuit, "[t]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations omitted).

In determining whether to award fees and costs, the Court should consider the following five factors, often referred to as the "Hummell factors":

2 - OPINION & ORDER

(1) the degree of the opposing parties' culpability or bad faith;
(2) the ability of the opposing parties to satisfy an award of fees;
(3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances;
(4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
(5) the relative merits of the parties' positions.

Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980).  A court need not discuss the

Hummell factors if a plaintiff "prevailed completely on the sole issue in question, received the

entire relief sought, and resolved a significant legal question[.]"  Nelson v. EG & G Energy

Measurements Group, 37 F.3d 1384, 1392 (9th Cir. Cal. 1994).  However, if "after determining a

litigant has achieved some degree of success on the merits, district courts must still consider the

Hummell factors before exercising their discretion to award fees under § 1132(g)(1)."  Simonia

v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1121 (9th Cir. 2010).  Because

Plaintiff achieved some degree of success, as opposed to completely prevailing on her claim or

resolving a significant legal question, the Hummell factors apply.

With respect to the first factor, a finding of bad faith is not necessary to support an

attorney's fee award.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

However, a defendant is "culpable" if it did not fulfill a legal duty owed to plaintiff.  See Oster v.

Std. Ins. Co., 768 F. Supp. 2d 1026, 1033 n3 (N.D. Cal. 2011).  Here, there is no evidence that

Defendant intentionally, in bad faith, withheld benefits.  But Defendant is culpable because it

failed to adequately explain the denial of Plaintiff's medical claim.  Defendant concedes that it

has the ability to satisfy an award of attorney's fees.  Def.'s Resp. 4.  Although Plaintiff's claim

did not seek to benefit other participants, an award of fees may deter other insurers from denying

a medical without adequate explanation of the denial.  Finally, Plaintiff's position had merit, but

Defendant also had some success in arguing that only half of the requested treatment was at issue. In sum, I conclude that Plaintiff is entitled to an award of attorney's fees.

B.     Amount of Attorney's Fees

To determine attorney fees in ERISA cases, the Ninth Circuit has adopted the "hybrid lodestar/multiplier approach used by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983)." Van Gerwen v. Guarantee Mut. Life Co., 214 F3d 1041, 1045 (9th Cir. 2000) (citations omitted). The district court first "must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." D'Emanuele v. Montgomery Ward & Co., Inc., 904 F2d 1379, 1383 (9th Cir. 1990). The district court then may increase or decrease the lodestar fee based on certain factors that are not subsumed within the initial calculation of the lodestar. Id. "Such upward or downward adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee. Id. Plaintiff does not seek an adjustment of the lodestar amount.

In determining the lodestar figure, the district court should exclude hours that were not reasonably expended. Id. at 1384. Once the number of hours is set, the district court must "determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." Id. (citation omitted). The determination of the reasonable fee "is not made by reference to rates actually charged," but by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." Id. (internal quotation and citation omitted).

1.     Hourly Rate

In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community[.]" Blum v. Stenson, 465 U.S. 886, 895 (1984). The court

determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community.  Id. at 895 n11; see also Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1333 (D. Or. 1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), aff'd, 116 F.3d 485 (9th Cir. 1997).  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).  Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates.  E.g., McElmurry v. U.S. Bank Nat'l Ass'n, No. CV-04-642-HA, 2008 U.S. Dist. LEXIS 35905, at *8, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008).

Plaintiff seeks fees for two attorneys, Megan Glor and John Shaw.  Glor graduated from law school in 1990.  Glor Decl. ¶ 2.  She began to practice benefit litigation in 1995, and after 2001, focused primarily on benefit litigation.  Id. at ¶ 3.  Glor seeks a $375 hourly rate.  Id. at ¶ 10.  Shaw graduated from law school in 2005 and from medical school in 1974.  Shaw Decl. ¶ 2.  He began working with Glor's firm in 2007.  Id. at ¶ 4.  Shaw seeks a $275 hourly rate.  Id. at ¶ 8.  In support of these hourly rates, Plaintiff relies on a declaration from David Paul.  Paul has practiced personal injury and civil rights law for over 25 years.  Paul Decl. ¶ 2.  He worked as co-counsel with Glor in the mid-1990's on public interest litigation.  Id. at ¶ 4.  Paul does not practice benefit litigation, but refers such cases to Glor.  Id. at ¶ 6.  As such, Paul's opinion regarding the reasonableness of the requested hourly rates is largely based on the OSB Economic

Survey.  Id. at ¶¶ 17-18.  I do not find Paul's opinion persuasive, particularly because he does not

practice benefit litigation.

The majority of the work performed on this case occurred in 2012 and 2013.  At that

time, Glor had 20-21 years of experience as an attorney and Shaw had six to seven years of

experience as an attorney.  According to the OSB Economic Survey, attorneys in Portland

commanded the following hourly rates.

| Years of Practice | Average Rate | Median Rate |
|---|---|---|
| 4-6 | $210 | $218 |
| 7-9 | $258 | $250 |
| 16-20 | $256 | $250 |
| 21-30 | $326 | $333 |

I find that the average hourly rates are appropriate in light of the handling of the case by counsel.

Because Glor and Shaw do not fit into only one category for years of practice, I find that

appropriate hourly rates are $300 for Glor and $215 for Shaw.

2.     Hours Billed

It is the fee claimant's burden to demonstrate that the number of hours spent was

"reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude

from [the] fee request hours that are excessive, redundant, or otherwise unnecessary[.]"  Hensley,

461 U.S. at 434; see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545,

1557 (9th Cir. 1989) ("[p]laintiffs bear the burden of showing the time spent and that it was

reasonably necessary to the successful prosecution of their [] claims.").

Glor seeks compensation for 208.1 hours of work and Shaw seeks compensation for

167.3 hours of work.  Glor Decl. ¶ 13.  Plaintiff has already deleted 23 hours for work that had

inadequate descriptions or was excessive.  Id. at ¶ 9.  Plaintiff additionally does not seek

compensation for time spent to prepare this motion for attorney's fees.  Id. at ¶ 9 (Glor spent 18

hours and Shaw spent 8 hours to prepare the motion).  Despite the voluntary reductions, Defendant argues that the amount of time billed is unreasonable.  In support of the reasonableness of the time billed, Plaintiff again relies on the Paul declaration.  As I have stated earlier, I do not find Paul's opinion persuasive because he does not practice benefit litigation. After a review of the time entries, I agree that the amount of time billed was not reasonably necessary.

Defendant argues that Plaintiff's counsel spent excessive time on certain aspects of the case:  (1) Glor spent 9.5 hours to draft a two-page statement of facts in a response to Defendant's motion for partial summary judgment, (2) Glor spent 47.1 hours to research whether the review by the IRO was an arbitration, (3) Shaw spent 10.3 hours to research whether documents generated after the administrative decision are part of the administrative record, (4) Glor spent 26.8 hours reviewing and revising Plaintiff's opening summary judgment brief after Shaw had written the brief.  Defendant further argues that Glor and Shaw improperly billed for work that was clerical in nature.

I begin with addressing the excessive time argument.  I find that the 9.5 hours that Glor spent on the statement of facts was reasonably necessary, given that factual history of the dispute.  With respect to the amount of time spent on legal research, I agree that Glor spent an excessive amount of time to research the arbitration issue and that Shaw spent an excessive amount of time to research the scope of the administrative record issue.  Glor has practiced benefit litigation exclusively since 2001, and is supposed to be an expert in this area of law.  The most persuasive cases on the arbitration issue were a 2002 U.S. Supreme Court case and a 2009 opinion from this district.  For these reasons, I find that the 47.1 hours spent on research alone is unreasonable and that at most, 20 hours is a reasonable amount of time.  In Shaw's case, the law

on the scope of the administrative record is well-established in the Ninth Circuit. Of the 10.3 hours that Shaw spent researching this issue, four hours of research is more than adequate for this discrete issue.

Regarding the 26.8 hours that Glor spent reviewing Shaw's draft of the opening summary judgment brief, I agree that the time was excessive. Shaw spent approximately 37.6 hours alone to draft the opening brief. This 37.6 hours does not include the time Shaw spent on research or other tasks to aid his brief writing. Although not as experienced as Glor, Shaw is a mid-level associate and has represented over 200 claimants in various benefit litigation disputes. Shaw Decl. ¶ 5. It is unreasonable for Glor to spend 26.8 hours—71% of the time that Shaw spent to draft the brief—to review and revise Shaw's work. I allow 13.4 hours of the 26.8 hours requested. Glor also spent an additional 29.6 hours reviewing and revising the response to Defendant's motion for summary judgment and Plaintiff's reply in support of its motion for summary judgment, even after Shaw had spent a total of 40.6 hours to draft those briefs. Again, I find the amount of time that Glor spent reviewing and revising Shaw's work to be excessive. I allow 14.8 hours for time to review and revise Shaw's work on the response and reply briefs.

Defendant argues that both Glor and Shaw improperly billed for work that was clerical in nature. I agree with Defendant that clerical tasks are not properly billed as attorney fees but are overhead expenses absorbed by counsel. E.g., Bakewell v. Astrue, No. 3:10-cv-01525-JE, 2013 U.S. Dist. LEXIS 34245, at *8-9 (D. Or. Jan. 9, 2013) ("costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable") (citing Missouri v. Jenkins, 491 U.S. 274, 288 n10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them"); Frevach Land Co. v. Multnomah Cnty., No. 3:99-cv-01295-HU, 2001 U.S.

Dist. LEXIS 22255, at *36-37 (D. Or. Dec. 18, 2001) (inappropriate "to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks").

"Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." Sterling Sav. Bank, 2010 U.S. Dist. LEXIS 82039, at *19-20; see also Frevach, 2001 U.S. Dist. LEXIS 22255, at *36-37 (tasks such as proofreading, indexing, or assembling documents are not compensable because they are overhead and thus already "reflected in the hourly billing rate.").

After reviewing Glor's and Shaw's time entries, I found a number of tasks that were clerical in nature. For example, on November 15, 2012, Shaw spent 0.6 hours to prepare a motion for extension of time to file a response brief and the declaration in support. Glor Decl. Ex. A at 4. The motion and declaration contain typical boiler plate language in any motion for extension of time. There is no reason a legal secretary could not have prepared the motion and declaration. There are other numerous entries in which Glor and Shaw bill for reviewing minute orders from the court regarding scheduling, id. at 7-8, emails to the court regarding availability for a conference, id. at 9, or communications to the client about case scheduling, id. at 10. I deduct 1.7 hours for Glor and 3.6 hours for Shaw for billing clerical tasks.[1]

Glor and Shaw also held meetings with one another to discuss the case. Generally, "[w]hen attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys." Nat'l Warranty Ins. Co. v. Greenfield, No. CV-97-01654-ST, 2001 U.S. Dist. LEXIS 7763, at *14 (D.

---

[1] Glor's entries that were clerical in nature consist of the following: 1/28/12, 0.4; 12/6/12, 0.2; 12/14/12, 0.1; 12/21/12, 0.4; 12/27/12, 0.3; 1/28/13, 0.1; 9/13/13, 0.1; 1/3/14, 0.1. Shaw's entries regarding the same: 7/26/12, 0.3; 8/1/12, 0.1; 8/30/12, 0.1; 11/15/12, 0.6; 11/19/12, 0.2; 11/20/12, 0.6; 3/8/13, 0.1; 3/13/13, 0.1; 3/18/13, 0.1; 4/8/13, 0.2; 4/12/13, 0.5; 4/19/13, 0.1; 6/27/13, 0.4; 7/11/13, 0.2.

Or. Feb. 8, 2001); see also Marquez v. Harper Sch. Dist. No. 66, No. 2:09-cv-01254-SU, 2012 U.S. Dist. LEXIS 88940, at *26 (D. Or. June 26, 2012) (good billing practice requires that only one attorney bill for time spent in conference with multiple attorneys; duplicative hours billed by attorney with lower hourly rate were excluded); West Linn Corporate Park, LLC v. City of West Linn, No. 3:01-cv-01787-HZ, 2011 U.S. Dist. LEXIS 115000, at *38-40 (D. Or. Oct. 4, 2011) (fees reduced because of duplicative efforts among counsel; such duplication is inconsistent with a higher hourly rate based on counsel's expertise). I have found some instances in which both Glor and Shaw billed for the same meeting. I will award Glor's time at the higher billing rate in such instances. Shaw's requested hours are reduced by 2.9 hours.[2]

Finally, Plaintiff's filed a motion to file an amended reply brief because of one typo. Shaw billed a total of 0.5 hours to correct this error. Glor Decl. Ex. A at 15. I do not find it reasonable to shift the cost of Plaintiff's editing error to Defendant. Shaw's requested hours are reduced by 0.5 hours.

After accounting for all of the deductions discusses above, I allow 151.1 hours for Glor's work and 154 hours for Shaw's work. The following chart summarizes the deductions taken for excessive or improper billing.

| Attorney | Hours Requested | Deductions | Hours Granted |
|---|---|---|---|
| Glor | 208.1 | 57 | 151.1 |
| Shaw | 167.3 | 13.3 | 154 |

C.    Summary of Attorney's Fees

Plaintiff is awarded a total of $78,440 in attorney's fees.

| Attorney | Hourly Rate | Hours Granted | Total |
|---|---|---|---|
| Glor | $300 | 151.1 | $45,330 |
| Shaw | $215 | 154 | $33,110 |

---

[2] Shaw's entries for conferences with Glor, in which Glor also billed for the same time, are as follows:  9/12/12, 0.6; 11/8/12, 0.6; 11/26/12, 0.6; 3/11/13, 0.1; 4/9/13, 0.3; 4/29/13, 0.7.

II.     Costs

Plaintiff seeks $414.76 in costs, which are categorized as follows:  $350 filing fee, $60 for service of summons, and $4.76 for postage to mail copies to the court.

A.      Standard

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821."  Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005), citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Under 28 U.S.C. § 1920, the court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "Taxable costs are limited to relatively minor, incidental expenses…." Taniguchi v. Kan. Pac. Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir. 2011) (citation omitted).  "It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit."  Id.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party.  E.g., Ass'n of Mex.-Am. Educators v. State of Cal., 231 F.3d 572, 592-93 (9th Cir. 2000).  "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion…[and] explain

why a case is not ordinary." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citation omitted).  The court may consider "the losing party's limited financial resources,…misconduct on the part of the prevailing party,…the importance of the issues,…the importance and complexity of the issues,…the merit of the plaintiff's case,…and the chilling effect on future civil rights litigants of imposing high costs."  <u>Id.</u>

The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption."  <u>Id.</u> at 946.  Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920.  <u>Taniguchi</u>, 633 F.3d at 1221; <u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990).  The district court retains broad discretion to decide how much to award, if anything.  <u>Padgett v. Loventhal</u>, 706 F.3d 1205, 1209 (9th Cir. 2013).  Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded."  <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

B.    Analysis

I find that Plaintiff is entitled to recover the $350 filing fee, $60 in service fees, and $4.76 in postage.  Defendants do not contest that these expenses are taxable.  Plaintiff's request for $414.76 in costs is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

12 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's motion for attorney's fees and costs [78] is granted in part and denied in part.  Plaintiff is awarded attorney's fees in the amount of $78,440 and costs in the amount of $414.76.

IT IS SO ORDERED.

Dated this _____ day of July, 2014.

MARCO A. HERNÁNDEZ
United States District Judge